**UNITED STATES of America,
Plaintiff–Appellee,**

**v.**

**Yaigel Hernandez PESTANA,
Defendant–Appellant.**

**No. 15–12304
Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

March 14, 2016.

Christopher Barrett Browne, Assistant U.S. Attorney, Wifredo A. Ferrer, Karen E. Moore, Emily M. Smachetti, U.S. Attorney's Office, Miami, FL, for Plaintiff–Appellee.

Philip Robert Horowitz, Law Office of Philip R. Horowitz, Esq., Miami, FL, for Defendant–Appellant.

Yaigel Hernandez Pestana, Folkston, GA, for pro se.

Before TJOFLAT, WILSON and JILL PRYOR, Circuit Judges.

PER CURIAM:

Yaigel Hernandez Pestana appeals his 84–month sentence after pleading guilty to

one count of fraud in connection with access devices, in violation of 18 U.S.C. § 1029(a)(2); one count of possession of fifteen or more unauthorized access devices, in violation of 18 U.S.C. § 1029(a)(3); and three counts of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1). Pestana's charges arose from him misappropriating personal credit card information from unwitting third parties, creating fraudulent credit cards using such information, and subsequently purchasing numerous Walmart gift cards totaling $211,358.82 with those credit cards.

On appeal, Pestana argues that his sentence is procedurally unreasonable because the district court erred in imposing a two-level enhancement based on his role as a leader or organizer under U.S.S.G. § 3B1.1(c).[1] After reviewing the record and considering the parties' briefs, we conclude that the district court did not commit reversible error in sentencing Pestana. Accordingly, we affirm.

## I

The district court's determination of a defendant's role in an offense is a factual finding that we review for clear error. *See United States v. Moran*, 778 F.3d 942, 979 (11th Cir.2015). "For a factual finding to be clearly erroneous, we must be left with a definite and firm conviction that a mistake has been committed." *Id.*

To apply a role enhancement under § 3B1.1(c), "the defendant must have been the organizer, leader, manager, or supervi-

sor of one or more other participants." U.S.S.G. § 3B1.1 cmt. n. 2. A "participant" need not be convicted of the offense, but is criminally responsible for its commission. *Id.* § 3B1.1 cmt. n. 1. The court should consider the following factors in evaluating Pestana's role in the offense:

the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.

*Id.* § 3B1.1 cmt. n. 4. However, not all factors need suggest a lead role in order to find the enhancement applicable. *See United States v. Ramirez*, 426 F.3d 1344, 1356 (11th Cir.2005) (per curiam).

## II

The district court did not clearly err in applying a two-level enhancement for Pestana's role in the offense under § 3B1.1(c). In executing his fraudulent scheme, Pestana co-opted Walmart cashiers by offering them gift cards in exchange for allowing him to swipe numerous fraudulent credit cards. Pestana also exercised control over the frequency and magnitude of the fraudulent transactions, and arranged the transactions to coordinate with the cashiers' shifts. He proactively recruited the first cashier to participate in the scheme, and

---

1. Pestana also contends that the district court erred because it improperly relied on a two-level enhancement for obstruction of justice. Specifically, he asserts that by not ruling on the enhancement, the court took it into account. This argument is without merit. At sentencing, the district court adopted the Presentence Investigation Report's (PSI) calculated offense level, which did not include the obstruction of justice enhancement. Because

the calculated offense level did not apply that enhancement, and the Government explicitly stated at sentencing that it found the enhancement unnecessary, the district court's silence on the issue did not amount to reversible error affecting the ultimately-imposed sentence. Thus, we find no reversible error based on the court's failure to explicitly rule on the obstruction enhancement:

kept a dominant share of the criminal proceeds. These facts support a finding that Pestana "had decision-making authority and exercised control" over the scheme and its participants.[2] *See Ramirez*, 426 F.3d at 1355. Therefore, the district court did not clearly err in finding Pestana to be a leader or organizer under § 3B1.1(c). *See United States v. Jennings*, 599 F.3d 1241, 1254 (11th Cir.2010) (holding that the district court did not err in finding the defendant was a leader in light of his "extensive involvement in the development and operation of the scheme.").

Because we find no reversible error by the district court in determining Pestana's sentence, we **AFFIRM.**

---

**2.** Pestana does not dispute that the cashiers are criminally responsible under the scheme and therefore can be considered "participants" for purposes of § 3B1.1(c).